**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-00259-REB-KLM

CHARLES L. JANNEY, an individual,

    Plaintiff,

v.

HUGH R.. JANNEY, an individual, and
HUGH R. JANNEY, trustee for the Jack R. Janney Trust and Margaret M. Janney Trust,

    Defendants.

**ORDER RE: DEFENDANT HUGH L. JANNEY'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, TO TRANSFER AND ARGUMENT IN SUPPORT THEREOF**

**Blackburn, J.**

The matter before me is **Defendant Hugh L. Janney's [sic][1] Motion To Dismiss or, in the Alternative, To Transfer and Argument in Support Thereof** [#10] filed March 12, 2009. The matter is fully briefed, obviating the need for oral argument. I grant the motion in part and dismiss this case for lack of personal jurisdiction over defendant in this forum.

### I. JURISDICTION

I putatively have subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

Defendant Hugh R. Janney, individually and as trustee of the Jack R. Janney

---

[1] I note that although the caption of this case names "Hugh R. Janney" as the party defendant, and that same name is used in the body of the motion, the title of the motion refers to "Hugh L. Janney."

Trust and the Margaret M. Janney Trust, moves to dismiss plaintiff's claims against him on the ground that he does not have sufficient minimum contacts with Colorado to warrant the exercise of personal jurisdiction over him in this forum. The assumption of personal jurisdiction over a non-resident defendant on the basis of diversity of citizenship involves a two-step inquiry. First, the defendant must be amenable to service of process under the forum state's long-arm statute. *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1056-07(10th Cir. 1995); *Dart International, Inc. v. Interactive Target Systems, Inc.*, 877 F.Supp. 541, 543 (D. Colo. 1995). Second, the exercise of jurisdiction must comport with due process. *Wenz*, 55 F.3d at 1507; *Custom Vinyl Compounding Inc. v. Bushart & Associates, Inc.*, 810 F.Supp. 285, 287 (D. Colo. 1992). Because the Colorado long-arm statute extends personal jurisdiction within the state as far as the federal constitutional requirements of due process permit, *Keefe v. Kirschenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267, 1270 (Colo. 2002), the analysis collapses into a single inquiry as to whether the requirements of due process are satisfied.

Due process for jurisdictional purposes consists of two elements. First, the defendant must have sufficient "minimum contacts" with the forum state. *International Shoe Co. v. State of Washington, Office of Unemployment Compensation & Placement*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Kuenzle v. HTM Sport-Und Freizeitgeräte AG*, 102 F.3d 453, 455 (10th Cir. 1996). "Minimum contacts" may be analyzed in terms of specific jurisdiction or general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct.

1868, 1872, 80 L.Ed.2d 404 (1984); *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996).  Specific jurisdiction exists when the defendant's contacts with the forum state arise from, or are directly related to, the plaintiff's cause of action.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985); *Kuenzle*, 102 F.3d at 455.  General jurisdiction is proper when the defendant has other "continuous and systematic" contacts with the forum, even if those contacts are unrelated to the pending litigation.  *Helicopteros Nacionales de Columbia*, 104 S.Ct. at 1872; *Trierweiler*, 90 F.3d at 1533.

Second, if sufficient minimum contacts exist, I then must determine whether the exercise of personal jurisdiction over the non-resident defendant "would comport with 'fair play and substantial justice.'"  *Burger King Corp.*, 105 S.Ct. at 2184.  Stated differently, I must determine whether assuming personal jurisdiction over the defendant is "'reasonable' in light of the circumstances surrounding the case."  *OMI Holdings, Inc. v. Royal Insurance Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).  Factors relevant to that analysis include

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies.

*Trujillo v. Williams*, 465 F.3d 1210, 1221 (10th Cir. 2006) (quoting *Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1279-80 (10th Cir. 2005)).  "[T]he weaker the plaintiff's showing on minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction."  *Id.* (quoting *Pro Axess*, 428 F.3d at 1280).

I have discretion to resolve the motion on affidavits and other written material. ***Behagen v. Amateur Basketball Association***, 744 F.2d 731, 733 (10th Cir. 1984), ***cert. denied***, 105 S.Ct. 1879 (1985).  Plaintiff has the burden to establish a *prima facie* case of personal jurisdiction.  ***Id***.  I must accept the well-pleaded allegations of the First Amended Complaint as true.  ***Wenz***, 55 F.3d at 1505; ***Behagen***, 744 F.2d at 733.  However, plaintiff has "the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." ***Pytlik v. Professional Resources, Ltd.***, 887 F.2d 1371, 1376 (10th Cir. 1989).

### III.  ANALYSIS

Plaintiff Charles L. Janney and defendant Hugh R. Janney are brothers and the only children of Jack R. and Margaret M. Janney.  After Jack and Margaret died within weeks of one another in October, 2006, Hugh became the trustee of two trusts his parents had established for the benefit of the brothers and Hugh's two daughters.  By this lawsuit, Charles claims that Hugh has not distributed him his due share of the trust assets or provided a proper accounting despite numerous requests.  Charles further alleges that Hugh has inappropriately distributed trust assets to himself.  He has asserted claims for damages against Hugh, both individually and in his capacity as trustee, for breach of fiduciary duty, unjust enrichment, and conversion.  He also seeks declaratory relief, an accounting, appointment of a receiver, and Hugh's removal as trustee.  Hugh has moved to dismiss for lack of personal jurisdiction over him in this forum, lack of federal subject matter jurisdiction, or alternatively, for a transfer to the

United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1404(a). Because I find the first issue dispositive, I do not address the alternative arguments.

It is clear beyond peradventure that Hugh Janney does not have the type of continuous and systematic contacts with Colorado that would make general jurisdiction over him appropriate in this forum. *See Helicopteros Nacionales de Colombia S.A.*, 104 S.Ct. at 1873.  "General jurisdiction recognizes that when a party's contacts with a state are so numerous and significant that the party has a domicile in or a near domicile relation to the state, the state may exercise jurisdiction over the party for any type of suit, regardless whether the suit is related to the specific contacts the party has with the state." *Haas v. A.M. King Industries, Inc.*, 28 F.Supp.2d 644, 648 (D. Utah 1998). Hugh has been a resident of Lawrence, Kansas, since 2001.  With the exception of occasional visits to his in-laws in Colorado, he has no other regular, ongoing contact with this state of the kind that would support a finding of general jurisdiction.  Therefore, personal jurisdiction over Hugh in this district is available, if at all, only on the basis of specific jurisdiction.

A federal court may assume specific jurisdiction over a non-resident defendant that "'purposefully avails [him]self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Benally v. Amon Carter Museum of Western Art*, 858 F.2d 618, 625 (10th Cir. 1988) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239-40, 2 L.Ed.2d 1283 (1958)).  The purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the

unilateral activity of another party or a third person." *Id*. (quoting *Burger King Corp.,* 105 S.Ct. at 2183 (internal citations and quotation marks omitted)).  The contacts with the forum state must be such that "it is foreseeable that the defendant should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

In support of specific jurisdiction, Charles relies principally on a series of written communications between himself and Hugh regarding the status of the trusts and Charles's demand for an accounting.  For a Hugh to be subject to personal jurisdiction as to the tort claims asserted in this lawsuit, Charles must establish that Hugh's actions "'were expressly aimed at' the forum jurisdiction and [whether] the forum jurisdiction was 'the focal point' of the tort and its harm." *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1080 (10th Cir. 1995) (quoting *Calder v. Jones*, 465 U.S. 783, 789, 104 S.Ct., 1482, 1486-87, 79 L.Ed.2d 804 (1983)).

> [W]hen a defendant intentionally takes some action with the knowledge that the result will be harm to a specific victim in another state, the picture involves more than mere foreseeability or the likelihood that fortuitous and undirected conduct will have an effect in the state.

*Id.* at 1078 (quoting *Coblentz BMC/Freightliner, Inc. v. General Motors Corp.*, 724 F.Supp. 1364, 1368 (M.D. Ala. 1989), *aff'd*, 932 F.2d 977 (11th Cir. 1991)) (alteration in original).

The mere fact that Hugh responded to communications initiated by Charles from Colorado does not establish this type of purposeful availment.  *Id.* at 1076-77; *Melea, Ltd. v. Engel*, 2006 WL 2683741 at *3 (D. Colo. Sept. 18, 2006), *aff'd*, 511 F.3d 1060

(10th Cir. 2007). Jack and Margaret Janney were Kansas residents at the time of their deaths. Hugh likewise is a Kansas resident and has administered the trusts from Kansas since 2006. All the trust assets are located in Kansas. Moreover, each trust specifically provides that "[q]uestions of construction and administration of this trust shall be determined by reference to the laws of the state in which the trust is being administered."[2] (**Verified Complaint** App., Exh. 4 at Art. XIV, § 11 [#1], filed Feb. 6, 2009.)

Kansas clearly is the locus of this dispute. Colorado's relationship to the events that give rise to this lawsuit is based on nothing more than the mere fortuity that Charles happens to reside here, which is a fact insufficient in itself to create personal jurisdiction over a nonresident defendant. *See Far West Capital*, 46 F.3d at 1079. ***See also Pebble Beach Co. v. Caddy***, 453 F.3d 1151, 1158 (9th Cir. 2006) (defendant's knowledge of plaintiff's place of residence "goes to the foreseeable effect prong of the effects test [of ***Calder v. Jones***] and is not an independent act that can be interpreted as being expressly aimed at the forum state");

Moreover, only conduct that "proximately" results in injury in Colorado is sufficient to create personal jurisdiction in this state. ***Wenz***, 55 F.3d at 1508. More specifically, the Colorado long-arm statute does not confer personal jurisdiction over a non-resident defendant unless the injury itself occurred in Colorado, ***Wenz***, 55 F.3d at 1508, and under Colorado law, "the place of the injury is the place where the tort is committed," ***McAvoy v. District Court in and for the City and County of Denver***, 757 P.2d 633,

---

[2] Although the trusts were established in Colorado and provide that questions of their validity will be determined by the laws of this state, there is no allegation or argument that the trusts are invalid.

635 (Colo. 1988). All the torts allegedly committed in this case clearly occurred in Kansas, where Hugh administered the trusts and took all the alleged actions that form the basis of Charles's claims. **See, e.g.**, *International Beauty Products, LLC v. Beveridge*, 402 F.Supp.2d 1261, 1278 (D. Colo. 2005) (conversion occurs at the place where the property was converted).

Given these jurisdictional facts, "the fact that plaintiff resides in Colorado and experiences . . . consequences here is insufficient to confer jurisdiction on a Colorado court." *Wenz*, 55 F.3d at 1508 (citations and internal quotation marks omitted). Accordingly, the motion to dismiss under Fed.R.Civ.P. 12(b)(2) must be granted.[3]

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Hugh L. Janney's [sic] Motion To Dismiss or, in the Alternative, To Transfer and Argument in Support Thereof** [#10], filed March 12, 2009. , is **GRANTED IN PART** and **DENIED AS MOOT IN PART**;

2. That the motion is **GRANTED** insofar as it seeks to dismiss this case for lack of personal jurisdiction over defendant, Hugh R. Janney, in this forum;

3. That in all other respects, the motion is **DENIED AS MOOT**;

4. That this case is **DISMISSED** for lack of personal jurisdiction over defendant, Hugh R. Janney, individually and as trustee for the Jack R. Janney Trust and the Margaret M. Janney Trust; and

---

[3] Because I find that Charles has not established that Hugh has minimum contacts with this forum, I need not consider whether the exercise of personal jurisdiction would "offend traditional notions of fair play and substantial justice." *See Asahi Metal Industry Co. v. Superior Court of California, Solano County*, 480 U.S. 102, 114, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987); *Benally*, 858 F.2d at 626.

5.  That the Trial Preparation Conference scheduled for March 12, 2010, at 10:30 a.m., as well as the trial, currently scheduled to commence on March 15, 2010, are **VACATED**.

Dated June 1, 2009, at Denver, Colorado.

                                            **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge